IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD A. CUMMINGS, | No. C 10-05359 SBA (PR) |
| Petition, | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS UNTIMELY; AND DENYING CERTIFICATE OF APPEALABILITY** |
| v. | |
| RICK HILL, Warden, | |
| Respondent. | (Docket no. 5) |

## INTRODUCTION

Petitioner, a state prisoner currently incarcerated at Folsom State Prison (FSP), filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In an Order dated January 14, 2011, the Court directed Respondent to show cause why the petition should not be granted.

The parties are presently before the Court on Respondent's motion to dismiss the petition as untimely under 28 U.S.C. § 2244(d) -- the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Petitioner has filed an opposition, and Respondent has filed a reply.

Having read and considered the papers submitted, the Court GRANTS Respondent's motion to dismiss.

## BACKGROUND

On February 22, 2008, an Alameda County jury found Petitioner guilty of second degree robbery. The jury also found true Petitioner's five prior prison-term commitments. On May 9, 2008, Petitioner was sentenced to eight years in state prison. (Resp't Ex. A.)

On April 17, 2009, the state appellate court affirmed the judgment of the trial court in an unpublished decision. On June 24, 2009, the Supreme Court of California denied the petition for review. Petitioner did not pursue collateral relief in state court before pursuing his claims in federal court.

The present federal habeas petition was filed in this Court on November 12, 2010.[1]

**DISCUSSION**

The AEDPA, effective as of April 24, 1996, imposes a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Prisoners challenging non-capital state convictions or sentences must file a petition within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented Petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1).

A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds, Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). The one-year period may start running from the expiration of the time for seeking direct review. See 28 U.S.C. § 2244(d)(1)(A).

As a threshold matter, once a petitioner is notified that his petition is subject to dismissal based on the AEDPA's statute of limitations and the record indicates that the petition falls outside the one-year time period, the petitioner bears the burden of demonstrating that the limitation period was sufficiently tolled under statutory and/or equitable principles. See Smith v. Duncan, 297

---

[1] A pro se federal or state habeas petition is deemed filed on the date it is delivered to prison authorities for mailing. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than on the date it is received by the court). The federal habeas petition was signed on November 12, 2010, which is the earliest date that the petition could have been delivered to prison authorities for mailing. Plaintiff claims that he "plac[ed] the documents in a sealed envelope with postage fully paid" and delivered it to prison authorities for mailing on that date. (Pet., Attach,. Proof of Service at 1.) However, the Court received the petition seventeen days later, on November 29, 2010. No reason is given for the seventeen-day delay from the date it was allegedly delivered to prison authorities for mailing to the date it was received for filing in this Court. For the purposes of this discussion, the Court deems that the petition was filed on November 12, 2010.

1  F.3d 809, 814 (9th Cir. 2002) overruled on other grounds by Pace v. DiGuglielmo, 544 U.S. 408,
2  418 (2005).
3   Here, Petitioner did not seek a writ of certiorari from the United States Supreme Court after
4  the state supreme court denied review on June 24, 2009. Thus, his process of direct review came to
5  an end ninety days later, on September 22, 2009, when the time allotted for filing a petition for a
6  writ of certiorari expired. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002); Bowen v.
7  Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). As such, Petitioner was required to file his federal habeas
8  petition no later than September 22, 2010. See 28 U.S.C. § 2244(d); Patterson v. Stewart, 251 F.3d
9  1243, 1246 (9th Cir. 2001) (calculating AEDPA's one-year limitation period according to Federal
10 Rule of Civil Procedure 6(a)). Therefore, his federal petition filed on November 12, 2010 -- almost
11 two months after the limitations period had expired -- is untimely unless Petitioner is entitled to
12 equitable tolling of the limitations period.[2]

13 **I.  Equitable Tolling**

14  Petitioner argues that he is entitled to equitable tolling under 28 U.S.C. § 2244(d) due to
15 extraordinary circumstances beyond his control, including: (a) his pro se status and ignorance of the
16 law; (b) his "limited access to procure assistance in filing collateral or other habeas relief"; and
17 (c) prison overcrowding and his limited access to FSP's law library. (Opp'n at 2.) In general,
18 Petitioner presents conclusory statements and fails to explain why and how such conditions
19 contributed to the untimely filing of his federal habeas petition.
20  In support of his argument for equitable tolling, Petitioner submits a very disorganized
21 twenty-five page opposition. Pages one, two, twenty-three[3] and twenty-five are handwritten pages
22 of relevant arguments relating to equitable tolling, while the remaining twenty-one pages are
23 typewritten pages relating to irrelevant information, including the factual background and claims
24 from his petition for review. Attached to the opposition are two declarations signed by Petitioner on

---

[2] Contrary to Petitioner's conclusory claim that he is "entitled to statutory tolling," (opp'n at 2), there is no statutory tolling under 28 U.S.C. § 2244(d)(2) in this case because Petitioner did not file any state post-conviction or collateral petitions.

[3] Page twenty-three appears to be a continuation of an unattached page, as the first word at the top of the page does not connect to any of the previous pages or any of the following pages.

3

May 11, 2011 and August 18, 2011.[4] (Pet'r May 11, 2011 Decl. at 1-2; Pet'r Aug. 18, 2011 Decl. at 1.)

The Supreme Court has determined that AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling will not be available in most cases because extensions of time should be granted only if "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288. The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). Another statement of the standard is that a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," preventing timely filing. Pace, 544 U.S. at 418.

The Ninth Circuit has said that the petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." Miranda, 292 F.3d at 1065. Indeed, "'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Id. at 1066 (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir.), cert. denied, 531 U.S. 878 (2000)).

However, "[r]ather than let procedural uncertainties unreasonably snuff out a constitutional claim, the issue of when grave difficulty merges literally into 'impossibility' should be resolved in [a petitioner's] favor." Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). When a prisoner is

---

[4] In his May 11, 2011 declaration, Petitioner asks for more time to draft his opposition to the motion to dismiss. Petitioner has also attached four documents labeled "Program Status Report, Part B - Plan of Operation/Staff & Inmate Notification," dated January 29, 2011, March 28, 2011, April 1, 2011, and April 3, 2011. These documents involve events that took place after the limitations period had already ended and are offered by Petitioner in support of his extension request only -- not for equitable tolling reasons. (Pet'r May 11, 2011 Decl. at 1.). The Court finds that Petitioner has already been given ample opportunity to oppose the motion to dismiss. In fact, Petitioner has submitted an opposition to the motion to dismiss outlining several issues addressed in this Order, including those relating to equitable tolling. Therefore, his request for an extension of time to file a supplemental opposition is DENIED.

1 proceeding pro se, his allegations regarding diligence in filing a federal petition on time must be
2 construed liberally. Roy v. Lampert, 465 F.3d 964, 970 (9th Cir. 2006).

3 Where a prisoner fails to show any causal connection between the grounds upon which he
4 asserts a right to equitable tolling and his inability to file a timely federal habeas petition, the
5 equitable tolling claim will be denied. Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005),
6 amended, 447 F.3d 1165 (9th Cir. 2006).

### A. *Pro Se* Status and Ignorance of the Law

Petitioner claims he is entitled to equitable tolling due to the fact that he could not have filed a timely petition based on his pro se status and his ignorance of the law.

Petitioner's alleged ignorance of the law and layman status do not amount to extraordinary circumstances. A pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); cf. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of pro se petitioner not sufficient cause to avoid procedural bar); Cantu-Tzin v. Johnson, 162 F.3d 295, 299-300 (5th Cir. 1998) (pro se status during state habeas proceedings did not justify equitable tolling); United States v. Flores, 981 F.2d 231, 236 (5th Cir. 1993) (pro se status, illiteracy, deafness and lack of legal training not external factors excusing abuse of the writ). Therefore, Petitioner is not entitled to equitable tolling based on his ignorance of the law.

### B. **Inability to Procure Legal Assistance**

Petitioner claims that he "sought assistance from several inmates at both San Quentin State Prison (SQSP) and [FSP] and he was not at all able to gain any assistance until he filed his habeas petition with this Court." (Opp'n at 2.) He claims that he "diligently sought assistance at the [Northern] California Innocence Project [NCIP]," and "was informed by [NCIP's] Legal Assistance Program on September 2, 2010 that he would receive no assistance in the preparation of collateral applications." (Id.; Pet'r Aug. 18, 2011 Decl. at 1.) Lastly, Petitioner claims that "Mr. Stephen Snow (K20414) an inmate at [FSP] finally assisted [him by] fil[ing] with this Court as diligently as he was able under the severe and dehabilitating [sic] circumstance[s]." (Id.)

Petitioner's second reason for equitable tolling only deals with his inability to procure

5

1 assistance in filing his habeas petitions in state and federal court. Petitioner fails to show diligence
2 in filing the petitions himself. Petitioner admits that he was only able to file his federal habeas
3 petition with the aid of inmate Snow. Inmate Snow appears to have only offered minimal assistance,
4 however, as he simply re-typed the claims and arguments from Petitioner's petition for review
5 (prepared by his appellate counsel in state court), and attached it to the federal habeas petition.[5]

6 Neither ignorance of the law nor lack of assistance of counsel is a valid reason for equitable
7 tolling. Hughes, 800 F.2d at 908. Petitioner is unable to show that the lack of assistance of counsel
8 made it impossible for him to file a timely federal habeas petition on his own; therefore, he is not
9 entitled to equitable tolling on this ground. See Beeler, 128 F.3d 1288.

### C. Overcrowded Prison Conditions and Limited Law Library Access

Petitioner alleges that "severe[ly] overcrowded prison conditions . . . limited [his] access to procure assistance in filing collateral or other habeas relief." (Opp'n at 2.) He claims that "overcrowded conditions of confinement, which seriously impact or delay a prisoner from seeking assistance in gaining relief qualifies as [an] 'extraordinary circumstance' under the AEDPA statute of limitations as statutory tolling which is a congressional entitlement under law." (Id. at 23.) Petitioner also alleges that "the FSP law library has a maximum capacity of [forty-nine] persons and FSP has a population of over 3700 persons. The FSP law library access is very restricted and Petitioner has had a very difficult time getting to . . . law library." (Pet'r May 11, 2011 Decl. at 1.)[6]

First, Petitioner's conclusory allegation of overcrowded prison facilities fails to establish his diligence in seeking legal resources or pursuing his claims during the time the limitations period was

---

[5] The Court has compared the document labeled, "ARGUMENT," which is attached to Petitioner's federal habeas petition, to the claims and arguments in his petition for review. The documents have different fonts; however, a closer comparison of the two reveals that they are identical. The only apparent difference is that "Petitioner" was used in the petition for review, while "Appellant" was used in the federal habeas petition. Otherwise, the claims and arguments in both are exactly the same. Therefore, the document labeled, "ARGUMENT" -- written by inmate Snow and attached to Petitioner's federal habeas petition -- is a re-typed version of the claims and arguments contained in the petition for review.

[6] Petitioner also claims that his transfer to SQSP prevented him access to that prison's law library. He states, "I was transported/transferred from Santa Rita County Jail to [SQSP] on . . . 05-16-08, . . . and then placed on reception program and there's limited library access. (Pet'r Aug. 18, 2011 Decl. at 1.) This claim is irrelevant, however, as his transfer to SQSP was in May 2008, prior to the September 22, 2009 commencement of the limitations period.

6

1 running from September 22, 2009 through September 22, 2010. Petitioner offers no details
2 concerning his diligence and presents no corroboration of his general assertions. Specifically,
3 Petitioner's assertions about the overcrowded prison conditions at FSP offer no insight into how
4 these conditions prevented him from filing a timely federal habeas petition. Even if Petitioner
5 alleges that the overcrowding conditions prevented him from "procur[ing] [legal] assistance," (opp'n
6 at 2), the Court has already determined above that the lack of assistance of counsel is not a valid
7 reason for equitable tolling. Hughes, 800 F.2d at 908. Therefore, no equitable tolling is warranted
8 on this ground because Petitioner's allegation of prison overcrowding at FSP does not constitute an
9 extraordinary circumstance beyond his control that prevented him from filing a timely federal
10 habeas petition. See Beeler, 128 F.3d 1288.

11 Second, a claim of limited access to the law library does not automatically entitle a petitioner
12 to equitable tolling, particularly where he cannot show that he needed access to the law library to
13 prepare and file his habeas petition on time. Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001)
14 (lack of access to library materials does not automatically qualify as grounds for equitable tolling;
15 rather, inquiry must be "fact-specific"). Furthermore, the United States Supreme Court in Lewis v.
16 Casey stated that alleging insufficient law library access is not enough:

> [T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

22 518 U.S. 343, 351 (1996). Here, Petitioner makes a conclusory allegation that his limited access to
23 the prison law library constitutes an extraordinary circumstance beyond his control that prevented
24 him from filing a timely federal habeas petition. He fails to demonstrate how this limited access
25 hindered his efforts to pursue his legal claims. As stated above, Petitioner's federal habeas petition
26 included the same claims and arguments contained in his state petition for review. Therefore, it is
27 conceivable that he did not need access to the law library to prepare and file his federal habeas
28 petition because the requisite research had already been completed for him by his state appellate

7

counsel. Even if Petitioner had been able to show that he needed such law library access, he fails to show that he was diligent in attempting to secure more library access in order to file a timely federal habeas petition or that he made use of the limited library access he was given. Thus, the Court finds Petitioner's limited access to the prison law library did not make it impossible for him to file a timely federal petition, nor was it the cause of his untimeliness. See Beeler, 128 F.3d 1288; Spitsyn, 345 F.3d at 799.

In sum, Petitioner has not shown a causal connection between any of the aforementioned reasons he advances as a ground for equitable tolling and his failure to file a timely federal petition. Therefore, Petitioner fails to show the existence of any extraordinary circumstance beyond his control that prevented him from filing a timely federal habeas petition, and he is not entitled to equitable tolling.

Thus, the present petition is untimely. Accordingly, Respondent's motion to dismiss the petition as untimely (docket no. 5) is GRANTED. The petition is dismissed because it was not timely filed under 28 U.S.C. § 2244(d)(1).

## II.    **Certificate of Appealability**

The federal rules governing habeas cases brought by state prisoners have been amended to require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability (COA) in its ruling. See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

For the reasons stated above, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

## **CONCLUSION**

In light of the foregoing, Respondent's motion to dismiss the petition as untimely (docket no. 5) is GRANTED. This action is DISMISSED WITH PREJUDICE. Furthermore, a COA is DENIED.

8

The Clerk of the Court shall enter judgment, terminate all pending motions, and close the file.

This Order terminates Docket no. 5.

DATED: 2/28/12

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD A CUMMINGS,<br><br>       Plaintiff,<br><br>  v.<br><br>RICK HILL et al,<br><br>       Defendant.<br>_____/ | Case Number: CV10-05359 SBA<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 29, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Floyd A. Cummings P-31421
Folsom State Prison
P.O. Box 715071
Represa, CA 95671

Dated: February 29, 2012

                              Richard W. Wieking, Clerk
                              By: Lisa Clark, Deputy Clerk